# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 20-CR-107 CJW-MAR |
| vs. | **ORDER** |
| JOHN EDWARD MILLER, | |
| Defendant. | |

## I. INTRODUCTION

This matter is before the Court on defendant's Motion to Dismiss Indictment. (Doc. 60). Defendant argues that he has been detained for an impermissible amount of time under Title 18, United States Code, Section 4241(d). (*Id.*). The government timely filed a response. (Doc. 61). Defendant timely filed a reply to the government's response. (Doc. 62). Defendant filed a Notice of Supplemental Authority for Motion to Dismiss Indictment. (Doc. 63). For the following reasons, defendant's motion is **denied**.

## II. RELEVANT BACKGROUND

Defendant is charged in a three count Indictment. (Doc. 29). Count 1 charges defendant with threatening to assault an Assistant United States Attorney on or about November 19, 2020, with intent to impede, intimidate, or interfere with the victim while he or she was engaged in the performance of his or her official duties in violation of Title 18, United States Code, Section 115(a)(1)(B). (*Id.*, at 1). Count 2 charges defendant with knowingly and willfully transmitting in interstate and foreign commerce a communication containing a threat to injure the victim on or about November 19, 2020, in violation of Title 18, United States Code, Section 875(c). (*Id.*, at 1-2). Count 3

charges defendant with maliciously damaging or attempting to damage property owned by an agency of the United States by means of fire or explosive on or about November 19, 2020, in violation of Title 18, United States Code, Section 844(f). (*Id.*, at 2).

On January 4, 2021, defendant filed an unresisted motion for competency evaluation. (Doc. 20). On January 6, 2021, the Court granted this motion and committed defendant for competency evaluation. (Doc. 30). On August 30, 2021, the forensic evaluation report from the Bureau of Prisons (BOP) regarding defendant's competency was filed. (Doc. 37). In the report, the examiner concluded that defendant was "not competent to proceed" but "that the defendant could be restored to competency within a reasonable period of time." (*Id.*, at 18). The examiner also expressed the opinion that defendant was "unable to appreciate the nature and quality or the wrongfulness of his actions at the time of the alleged offenses." (Doc. 37-1, at 7). The Court held a competency hearing on December 22, 2021, (Doc. 53), and ordered defendant be committed to the custody of the Attorney General and hospitalized under Title 18, United States Code, Section 4241(d) to restore competency. (Doc. 54). Defendant remains in custody but has not yet been hospitalized.

### III. APPLICABLE LAW

Title 18, United States Code, Section 4241(d) provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward[.]

## IV. ANALYSIS

Defendant argues that his current detention violates the four-month limit provided in Section 4241(d)(1) and that dismissal of his indictment is the proper remedy for this violation. (Doc. 60-1). The Court disagrees with each contention.

### A. *Interpretation of Section 4241(d)*

Defendant argues that Section 4241(d) establishes a four-month limit on detention following commitment to the custody of the Attorney General, and not just a four-month limit on actual hospitalization, because the Attorney General must immediately hospitalize the defendant once the defendant is in the Attorney General's custody. (Doc. 62, at 1-2). The government argues that the four-month limit applies only to the time for which defendant is actually hospitalized, and that there is no language to indicate that any delays prior to hospitalization are limited under Section 4241(d). (Doc. 61, at 4).

Defendant points to *United States v. Carter*, No. 19-cr-261 2022 WL 483636 (D.D.C. Jan. 27, 2022), to support his position. The *Carter* court determined that the four-month period begins when the Attorney General's custody over the defendant begins. 2022 WL 483636 at *5. The court found that "the plain text of [Section] 4241(d)(1) provides that the government 'shall hospitalize' an incompetent defendant as soon as the government obtains 'custody' over him." *Id*. The *Carter* court, using this interpretation, found that, because the statute does not specifically mention transportation delays, "those delays must be a part of the 'reasonable period of time, not to exceed four months.'" *Id*.

The Ninth Circuit Court of Appeals and district courts within the Ninth Circuit have found that the four-month period begins when a defendant is actually hospitalized. "The plain language of § 4241(d) provides that the four-month period of evaluative commitment begins on the date of hospitalization." *United States v. Villegas*, 589 Fed. Appx. 372, 373 (9th Cir. 2015). "The plain text of the statute provides that the four-

month period begins at a defendant's hospitalization." *United States v. Donnelly*, No. 3:21-cr-232-SI 2022 WL 1488430 at *2 (D. Or. May 12, 2022). The *Donnelly* court criticized the *Carter* court's reasoning, describing the idea that the Attorney General must hospitalize a defendant as soon as the defendant is in custody as "merely an extrapolation or interpretation of the statute." *Id.*

The Court finds the reasoning of the *Carter* court to be flawed and agrees with the Ninth Circuit courts. Section 4241(d) does not provide that the government shall hospitalize an incompetent defendant as soon as the government obtains custody over him. Rather, Section 4241(d) provides that "the court shall commit the defendant to the custody of the Attorney General." Next, Section 4241(d) provides that "[t]he Attorney General shall hospitalize the defendant for treatment in a suitable facility . . . for such a reasonable period of time, not to exceed four months." Section 4241(d) contains no prescription of immediacy for the Attorney General's action, nor does it address delays in transportation. The only temporal restriction provided is that the defendant's hospitalization for treatment in a suitable facility shall not exceed four months. Although specific language on when the Attorney General must act and the effect of transportation delays would undoubtedly be useful, the lack of specific language does not permit the interpretation that a well-defined, four-month time period for hospitalization and treatment also includes logistical delays. Thus, there has been no Section 4241 violation.

In a supplemental memorandum, defendant relies on the ruling in *United States v. Donnelly*, __ F.4th ___, 2022 WL 2901249 (9th Cir. July 22, 2022) (per curiam), issued upon review of the district court's decision. (Doc. 63). In this ruling, the Ninth Circuit Court of Appeals concluded that the Attorney General should be permitted no longer than the maximum four-months permitted for hospitalization of an offender to place the offender in the appropriate facility. 2022 WL 2901249, at 2-3. The court

found dismissal of the indictment inappropriate, however, and remanded the case to the district court with instructions to order the Attorney General to place the offender in a facility within a week. *Id.*, at 4. Defendant argues that the court's reasoning supports dismissal of the indictment here, or in the alternative, an order compelling the government to immediately hospitalize defendant.

The Court is not persuaded by the appellate court's decision in *Donnelly* to the extent it interprets the statute as imposing a four-month deadline for hospitalizing an offender. First, that court arrived at the four-month deadline for hospitalizing an offender largely out of whole cloth. There is no textual basis for such a deadline, or any deadline for that matter, within the statute. Second, although the delay here has been long, it does not violate the statute which provides no deadline for hospitalizing an offender. The Court does agree with the decision to the extent that it found dismissal of the indictment as an inappropriate remedy, as the Court will explain next.

### B. Dismissal as a Remedy

Defendant argues that dismissal or civil commitment are the only two remedies appropriate in cases in which a defendant is in custody under Section 4241(d) for a period longer than four months. (Doc. 60-1, at 6-7). Defendant further argues that, because the examiner's opinion was that defendant was incompetent during the alleged crimes, waiting for defendant's hospitalization under Section 4241(d) is "delaying the inevitable." (Doc. 62, at 3). Defendant again points to *Carter* to support his argument. (*Id.*). The *Carter* court determined that "the most natural remedy for a violation of [Section] 4241(d)(1) is . . . either commencing civil commitment proceedings or dismissing the defendant's indictment" because those remedies had been deemed appropriate when a defendant was unlikely to regain competency. 2022 WL 483636 at *7; *see Jackson v. Indiana*, 406 U.S. 715, 738 (1972).

Section 4241 provides no remedy in this situation. The Ninth Circuit stated that "[t]o warrant dismissal on due process grounds, government conduct must be so grossly shocking and outrageous as to violate the universal sense of justice." 2022 WL 1488430 at *4 (quoting *United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993)). The *Donnelly* court determined that dismissal of an indictment on the basis of delay "caused by a lack of available space" is inappropriate in light of the Ninth Circuit's guidance as to "a district court's authority to dismiss an indictment." *Id.* Although the Court is not bound by this determination, it does find it persuasive. Holding a defendant in wait of space at a treatment facility does not "violate the universal sense of justice." To the contrary, not dismissing indictments because of logistical issues is what justice demands. Defendant faces serious charges here, and to dismiss those charges because of a delay outside either party's control is not in the best interest of the public. It is not difficult to see why the proper solution to a logistical issue is not simply to let the accused go. Although defendant argues that he will be found to have been "insane at the time of the offense," (Doc. 60-1, at 8), and although there is some evidence to support this, (*see* Doc. 37-1), this is ultimately a determination for a jury to make and is not a reason to dismiss an indictment under these circumstances. Thus, dismissing the indictment would be inappropriate even if there were a Section 4241 violation.

As for defendant's request that the Court order the government to immediately hospitalize defendant, the Court has no statutory authority to issue such an order. The government is under an obligation to hospitalize defendant for further treatment. The Court presumes that the government is endeavoring to do so, within the limitations of its resources, particularly in the middle of a pandemic. Defendant is on a waiting list with a projected admission date in August. (Doc. 61, at 1-2). This demonstrates to the Court that the government is endeavoring to hospitalize defendant as soon as possible.

At some point, however, continued delay in hospitalizing defendant for treatment will cross the line of violating his due process rights.

## V. CONCLUSION

For these reasons, the Court finds there has been no Section 4241 violation and, even if there were, dismissal would not be an appropriate remedy. Thus, defendant's Motion to Dismiss Indictment, (Doc. 60), is **denied**. The Court directs the government to provide a status report to the Court as to defendant's hospitalization by **August 31, 2022.**

**IT IS SO ORDERED** this 27th day of July, 2022.

_____
C.J. Williams
United States District Judge
Northern District of Iowa